UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――
UNITED STATES OF AMERICA

                -v-                          17-CR-527-3 (JPO)

ANGEL CRUZ-TINEO,                    ORDER

                         Defendant.
―――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

      Defendant Angel Cruz-Tineo is serving a sentence of imprisonment of 12 months and one day, which this Court imposed after he pleaded guilty to violating the terms of his supervised release by selling heroin. (*See* Dkt. Nos. 77, 81.) Defendant has moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(a)(i), in light of the COVID-19 pandemic. (*See* Dkt. No. 88.) The Government has filed a response opposing Defendant's motion. (*See* Dkt. No. 89.)

## I.    Legal Standard

      "A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, No. 02 Cr. 743, 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). Under the First Step Act of 2018, a court is permitted to reduce a term of imprisonment if, after considering the factors in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement, U.S.S.G. § 1B1.13, outlines four circumstances that constitute "extraordinary and compelling reasons" and thus justify a sentence reduction. One of those circumstances is where the defendant is "suffering from a serious physical or

1

medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The policy statement also requires that the defendant not pose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

The First Step Act allows a court to reduce a sentence in this manner "upon motion of the defendant" either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

**II.     Discussion**

On March 26, 2020, Defendant, through counsel, submitted a request for release to home confinement to the BOP.  Although that request invoked § 3624 rather than § 3582(c)(1), the Court will assume for purposes of this motion that Defendant's March 26 request qualifies as a "request" triggering the 30-day exhaustion period under the First Step Act.

Defendant is a 29-year-old man who is incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn.  Defendant argues that because he suffers from hypertension, he is at a high risk of severe complications in the event of a COVID-19 outbreak at the MDC.

This Court has previously found "extraordinary and compelling reasons" warranting release to home incarceration based on serious health risks from the COVID-19 pandemic.  See *United States v. Christopher Canale*, No. 17-CR-286 (JPO), Dkt. No. 46 (S.D.N.Y. April 30, 2020).  In the *Canale* case, the defendant had served two years of his three-year sentence, suffered from several high-risk medical conditions, was incarcerated at a facility that had

experienced a COVID-19 outbreak, and had already been approved for release to a halfway house by the Bureau of Prisons. *See id.* at 3-4.

The only medical condition cited by Defendant is hypertension, which does not appear on the CDC's list of conditions that indicate a higher risk of severe illness from COVID-19. Nor is Defendant on the BOP's list of high-risk inmates. Defendant is young, and his medical records suggest that he is generally healthy, with only one instance of slightly elevated blood pressure this year.

While the MDC's response to the coronavirus pandemic has been far from perfect, the facility has "thus far succeeded in preventing a significant outbreak." *Chunn v. Edge*, No. 20-CV-1590, 2020 WL 3055669, *7 (E.D.N.Y. June 9, 2020). As Judge Kovner recently found after a two-day evidentiary hearing, "[t]he record . . . gives reason for cautious optimism about the effectiveness of [the MDC's] measures thus far — with no COVID-connected fatalities and just a single COVID-related hospitalization at the facility even though the surrounding New York City community has been hard hit." *Id.* at *28.

Based on Defendant's medical status and the conditions at the MDC, the Court does not find "extraordinary and compelling reasons" that would warrant his release at this time.

Furthermore, the Court cannot conclude that a release to home confinement is justified based on consideration of the factors set forth in 18 U.S.C. § 3553(a). This Court imposed a sentence of "time served" upon Defendant's underlying drug conviction, showing leniency that turned out to be unjustified. The Court believed Defendant's expressions of remorse, releasing him with a clear warning that he would not receive leniency if he returned to drug dealing again. Yet that is exactly what he did, dealing heroin just months into his term of supervised release. Under these circumstances, the statutory purposes of specific deterrence and protecting the

3

public from further crime, in addition to just punishment, respect for the law, and general deterrence, require the sentence imposed by the Court.

### III. Conclusion

For the foregoing reasons, Defendant Cruz-Tineo's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) is denied.

The Clerk of Court is directed to close the motion at Docket Number 88.

SO ORDERED.

Dated: June 12, 2020
      New York, New York

_____
J. PAUL OETKEN
United States District Judge